IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES C. APPLEBY,         )<br>                             )<br>            Plaintiff,         )<br>                             )<br>    v.                       )<br>                             )<br> THE HONORABLE               )<br> FRANCIS J. HARVEY,          )<br> Secretary of the Army       )<br>            Defendant.        )<br>                             ) | Civil Action No. 06-0193 (RBW) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
WHICH ARE NOT IN GENUINE DISPUTE**

Pursuant to LCvR 7(h) and in support of Defendant's Motion for Summary Judgment, Defendant respectfully submits this statement of material facts as to which there are no genuine disputes.

1. Plaintiff was commissioned as a United States Army Reserve (USAR) air defense artillery (ADA) second lieutenant on 13 June 1970. He was ordered to active duty on 22 August 1970. He attended the ADA officer basic course (ADAOBC) at Fort Bliss Texas and accepted a Regular Army appointment on 4 September 1970.  AR 7.

2. Upon completion of ADAOBC Plaintiff attended and successfully completed airborne, ranger and pathfinder training at Fort Benning, Georgia, before being assigned to Fort Bragg, North Carolina. He was promoted to the rank of first lieutenant on 22 August 1971 and was transferred to Korea on 25 November 1972.  AR 7.

3. Plaintiff submitted his unqualified resignation and a request for a USAR commission to be effective 16 August 1973. He departed Korea on 15 August 1973 and was honorably released from active duty on 16 August 1973. He was transferred to the USAR Control Group (Reinforcement) and was promoted to the rank of captain on 23 March 1981. He transferred to the USAR Control Group (Ready) on 1 September 1985 and on 13 July 1987, he was promoted to the rank of major. AR 7.

4. On 31 October 1987, Plaintiff accepted an appointment as a major in the Florida Army National Guard (FLARNG). He was promoted to the rank of lieutenant colonel on 3 October 1992 and to the rank of colonel on 6 March 1996. AR 8.

5. In March 1999, Plaintiff was selected by The Adjutant General (TAG) of the Florida National Guard (FNG) to assume command of a FNG Major Command and to serve simultaneously as the Deputy Commanding General (CG) of the 32'd Army Air and Missile Defense Command (AAMDC), an active duty Army Headquarters. AR 8.

6. The 32nd Army Air and Missile Defense Command (AAMDC) is a one-of-a kind theater level Army air and missile defense multi-component organization with a worldwide 72-hour deployment mission. The 32nd AAMDC is based at Fort Bliss, Texas and falls within the authority and under the operational control of United States Forces Command (FORSCOM). Current Army authorization documents provide for two AAMDC's (one Active/Reserve Component and one fully Reserve Component). Detachment 1, 32nd AAMDC is located at Orlando, Florida, and the commander of that detachment also serves as the deputy commander of the 32nd AAMDC. AR 13.

7. On 27 July 2000, Plaintiff's selection for promotion to the rank of BG was announced by the

Secretary of Defense and was submitted by the President to the Senate for confirmation.  On September 13, 2000, COL Appleby's nomination for Federal recognition to the grade of brigadier general was received in the Senate.   AR 8.

8.  On 28 September 2000, the Department of the Army Inspector General (DAIG) received a memorandum from the IG, FLARNG referring a Title 10, United States Code (U.S.C), Section 1034 complaint (Military Whistleblower Protection) in which Plaintiff was accused of taking reprisal actions against a subordinate for making protected disclosures to his chain of command regarding criminal activities.  AR 8.

9.  On October 3, 2000, the Army notified the Secretary of Defense of the allegations against Plaintiff, as required by DODI 1320.4, paragraph 6.2.1.7, and the Secretary of Defense subsequently requested that Congress withhold COL Appleby's nomination until the investigation was complete.

9.  On 3 October 2000, Plaintiff was notified telephonically by the FNG TAG, a major general, that he was being removed from the general officer (GO) promotion list at the request of the DAIG based on a complaint having been filed against him.  AR 8.

10.  On 6 October 2000, the applicant was notified by the Deputy DAIG (a major general) telephonically that a reprisal complaint had been filed against him only hours before his promotion was to be confirmed and that based on the complaint, his name was withheld by the Army from the list of officers whose promotions were confirmed by the Senate in October 2000. AR 8.

11.  On 16 January 2001, the FNG TAG again contacted Plaintiff and informed him that the allegation of reprisal against the complainant had been unsubstantiated. However, other issues

had arisen out of the investigation that required the authority of the VCSA to investigate further. AR 8.

12. The VCSA directed on 31 January 2001, that the DAIG investigate alleged improprieties by senior officials assigned to the 32'd AAMDC, FLARNG. AR 9.

13. On 29 June 2001, the DAIG Report of Investigation (ROI) concluded that Plaintiff had failed to ensure that a subordinate commander was properly relieved from a command position, that he had improperly prepared and processed an annual OER on the complainant (report was not adverse) and that he had reprised against officers for making protected communications. The VCSA approved the DAIG ROI on 29 June 2001 as well. AR 9.

14. In his application, plaintiff provided a copy of an electronic mail (e-mail) to 35 individuals informing them of his decision to voluntarily retire from the FLARNG effective 31 July 2001. He further explained that after satisfactory completion of the IG investigation he would be able to have his name resubmitted for confirmation; however, he had chosen not to go back through the 6 to 9 month process. AR 9.

15. On 31 July 2001, Plaintiff was transferred to the USAR Control Group (Retired) due to maximum authorized years of service. AR 9.

16. On 19 October 2001, the VCSA issued Plaintiff a Memorandum of Concern (MOC) in which he indicated that he was not officially reprimanding him because he believed that Plaintiff's actions resulted from his belief that his actions were in the best interests of the unit, the soldiers assigned to the unit and the Army. He also indicated that he was aware that Plaintiff had received incorrect legal advice; however, the VCSA found that Plaintiff's actions did not meet

the standards expected of a senior leader. He specified that the MOC would not be filed in his records and he considered the matter closed.  AR 9.

17.  On March 23, 2005, Plaintiff applied to the ABCMR.  AR 17.  His application sought promotion to the grade of Brigadier General (BG) by operation of law, removal of a Letter of Concern allegedly contained in his Official Military Personnel File, that he be retired in the rank of BG, that he be reinstated in the FLARNG in the rank of BG.  AR 4.

18.  On August 11, 2005, the ABCMR voted unanimously to deny Plaintiff relief, finding that Plaintiff had not provided satisfactory evidence of error or injustice to warrant relief.  AR 16.

19.  The ABCMR decision was announced in a fourteen page record of proceeding which thoroughly examines all of the information and arguments raised by Plaintiff's application.  AR 2-16.

Respectfully submitted,

_____/s/_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s/_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Major Louis Birdsong
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837