UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES C. APPLEBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0193 (RBW) |
| | ) |
| THE HONORABLE FRANCIS HARVEY, | ) |
| SECRETARY OF THE ARMY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S COUNTER-STATEMENT OF FACTS**

In accordance with Local Civil Rule 56.1 of the United States District Court for the District of Columbia, Defendant hereby respectfully submits its counter-statement of facts in response to Plaintiff's statement of material facts which are not in genuine dispute.

1. COL Appleby's selection for promotion to the rank of Brigadier General was announced on 27 July 2000 and soon thereafter submitted by the President to the Senate for confirmation. Admin. Rec. at 8.

Response: Agreed

2. On 13 September 2000, COL Appleby's nomination for federal recognition at the grade of Brigadier General was received by the Senate. *Id*.

Response: Agreed

3. On 28 September 2000, the Department of the Army Inspector General ("DAIG") received a memorandum from the Florida Army National Guard Inspector General ("FLARNG IG") referring for consideration an anonymous 10 U.S.C. § 1034 Military Whistleblower Protection Act complaint in which COL Appleby was alleged to have reprised against a

subordinate officer for making protected communications. Admin. Rec. at 8.

Response: Agreed

4. On or around 3 October 2000, the Army requested that Congress withhold COL Appleby's nomination until the DAIG inquiry was complete. Compl. ¶ 19.

Response: Disagree, the request came from the Secretary of Defense. A.R. 8, 31, 158. Plaintiff cites to a discussion by the ABCMR indicating that Plaintiff was notified that the Army was requesting the withholding. This is not a Material Fact as it was the Senate which actually withheld consideration, regardless of who made the request.

5. On 3 October 2000, COL Appleby was notified telephonically by the Adjutant General, Florida National Guard, that his name was being temporarily removed from the list of officers to be submitted to the US Senate for confirmation of promotion to BG at the request of the Army based on the anonymous reprisal complaint. Compl. ¶ 19.

Response: Agreed

6. The Army did not provide COL Appleby with written notice of the grounds for the delay or advise him of his right under 10 U.S.C. § 14311 to respond in writing to the Secretary of the Army, who was required to give consideration to any written submission. Admin. Rec. at 14, ¶ 5.

Response: Agree that there is no evidence of a written notification, it is uncontested, however that Plaintiff was timely notified telephonically. Admin. Rec. at 14, ¶ 5.

7. On 26 January 2000, the Complainant, Captain ("CPT") Ward, was relieved from his command by Lieutenant Colonel Bacon for substandard performance of duty, not for making protected communications. Compl. ¶ 71; Admin. Rec. at 291-292.

Response: The pages cited by Plaintiff do not appear to support this contention. Defendant

agrees that the original allegation, reprisal against a whistelblower, was unfounded. The investigation did reveal three other allegations of misconduct. Admin Rec. at 330-333.

8. CPT Ward waited some eight months before he filed his reprisal complaint, and after he had resigned his commission. Admin. Rec. at 330.

Response: Agreed

9. On 6 June 2000, COL Appleby issued Letters of Concern to LTC Greg Bacon and MAJ Charles Hulen based on substandard performance of duties. Admin. Rec. at 326-329.

Response: Agreed, the letters are also referred to as Letters of Reprimand by several individuals including Plaintiff.

10. COL Appleby did not issue the Letters of Concern in reprisal for making protected communications. Admin. Rec. at 291-292.

Response: Disagreed; the allegations against Plaintiff were substantiated by the DAIG and Plaintiff failed to meet his burden of proof to rebut the allegations to the ABCMR. A.R. 9.

11. Neither officer filed reprisal complaints against COL Appleby. Admin. Rec. at 375.

Response: Agreed.

12. On 31 January 2001, the Vice Chief of Staff of the Army issued a directive for investigation to the DAIG, authorizing it to undertake an investigation of allegations of alleged improper conduct by COL Appleby. Admin. Rec. at 442-443.

Response: Agreed

13. Prior to 31 January 2001, COL Appleby was not under investigation to determine whether disciplinary action should be taken against him.

Response: Disagree. Plaintiff makes a legal argument that the inquiry into his conduct was not an investigation under the applicable regulations and statutes. Defendant addresses this claim

3

fully in its Motion to Dismiss and its Opposition to Plaintiff's Cross-Motion.

14. On 29 June 2001, the DAIG issued its report of investigation, in which it substantiated allegations that COL Appleby failed to ensure that a subordinate commander was properly relieved from his command, that he improperly prepared and processed an Officer Evaluation Report on the complainant, and that he reprised against two subordinate officers for making protected communications. Compl. ¶ 40; Admin. Rec. at 330-441.

Response: Agreed

15. On 9 July 2001, while recuperating in hospital after colon cancer surgery, COL Appleby was informed that the DAIG investigation was completed. Compl. ¶ 34.

Response: Agreed.

16. Also while in the hospital, COL Appleby received orders dated 25 July 2001 stating that he was being retired from the Army effective 31 July 2001 based on maximum authorized years of service. Compl. ¶ 41.

Response: Agreed.

17. On 29 June 2001, the Vice Chief of Staff of the Army approved the findings of the report of investigation. Admin. Rec. at 9.

Response: Agreed

18. On 19 October 2001, the Vice Chief of Staff of the Army issued a Memorandum of Concern to COL Appleby. The memorandum of concern was not an official reprimand and was not placed in COL Appleby's official military personnel file. Admin. Rec. at 444.

Response: Agreed.

19. On or around 3 April 2001, COL Appleby's initial promotion delay of six-months expired.

4

Response: Disagree, Plaintiff makes a legal argument regarding when a promotion is "delayed." No statute or regulation requires the Senate to take action on an officer's promotion within any time limit.

20. The Secretary of the Army did not extend COL Appleby's promotion delay beyond the initial six-month period of delay.

Disagree, Plaintiff makes a legal argument regarding when a promotion is "delayed." No statute or regulation requires the Senate to take action on an officer's promotion within any time limit.

21. The President of the United States never removed COL Appleby's name from the Brigadier General Promotion List.

Response: Agreed, the United States Senate has never given its Advice and Consent to his Promotion.

22. On 31 July 2001, COL Appleby was transferred to the United States Army Reserve Control Group (Retired). Admin. Rec. at 9.

Response: Agreed.

23. COL Appleby remained in a promotable status until his transfer to the United States Army Reserve Control Group (Retired).

Response: Disagree, this legal argument is addressed in Defendant's Motion to Dismiss or for Summary Judgment.

24. On 23 March 2005, COL Appleby applied to the Army Board for the Correction of Records ("ABCMR"). Admin. Rec. at 17.

Response: Agreed.

25. In his application, COL Appleby requested that the Board: (1) direct that he be promoted by operation of law to the rank of Brigadier General; (2) remove the Letter of Concern

from his military personnel file; (3) award him all back pay, allowances, and benefits to which he is entitled; (4) retire him at the rank of Brigadier General with all associated rights, benefits, and privileges or, alternatively, reinstate him to the FLARNG at the rank of Brigadier General, crediting him with service in the rank of Brigadier General from the date he otherwise would have been promoted to the date of reinstatement. Admin. Rec. at 208-255.

Response: Agreed.

26. By memorandum dated 30 September 2004, the ABCMR provided COL Appleby an advisory opinion prepared by the National Guard Bureau General Officer Management Office which recommended that COL Appleby's nomination be forwarded to the Senate for confirmation consideration and, if confirmed, his records be corrected to reflect promotion to Brigadier General with a date of rank of 6 October 2000, and with a retirement date at the rank of Brigadier General of 31 July 2001. Admin. Rec. at 18-20.

Response: Agreed.

27. By memorandum dated 11 August 2005, the ABCMR denied COL Appleby's application. Admin. Rec. at 2.

Response: Agreed.

Respectfully submitted,

_____/s_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

                                                  _____/s_____
                                                  KEVIN K. ROBITAILLE
                                                  Special Assistant U.S. Attorney
                                                  555 Fourth Street, N.W.,
                                                  Washington, D.C. 20530
                                                  (202) 353-9895

Of Counsel:
Lt. Col. Joseph Fetterman
Captain Kevin McCart
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia 22203-1837