## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES C. APPLEBY, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | )      Civil Action No. 06-0193 (RBW) |
| | ) |
| FRANCIS J. HARVEY, | ) |
| Secretary of the Army | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff, Charles C. Appleby ("COL Appleby"), respectfully submits this reply to Defendant's opposition to Plaintiff's cross-motion for summary judgment. COL Appleby demonstrates below that Defendant's arguments are erroneous and that the decision of the Army Board for the Correction of Military Records' ("ABCMR") was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. Summary judgment should be entered in favor of COL Appleby. COL Appleby respectfully requests that oral argument be permitted.

### I.  ARGUMENT

### 1.  THE ABCMR'S DECISION WAS ARBITRARY, CAPRICIOUS, UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND CONTRARY TO AND WITHOUT OBSERVANCE OF PROCEDURE REQUIRED BY LAW

Defendant's first argument is little more than a recitation of decisions addressing the Administrative Procedure Act ("APA") standard of review for final agency actions. Defendant focuses his discussion of the relevant court decisions on the "arbitrary and capricious" component of the APA standard. In addition to considering whether an agency action or decision

is arbitrary and capricious, the Court also must consider whether it was unsupported by substantial evidence, contrary to law, or without observance of procedure required by law.

5 U.S.C. § 706 provides as follows: "[t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall … (2) hold unlawful and set aside agency action, findings, and conclusions found to be-- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [5 USCS §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. … In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."

In this case, COL Appleby demonstrates by clear and convincing evidence that Defendant violated the procedural requirements of 10 U.S.C. § 14311 by failing to provide him notice and an opportunity to comment on his promotion delay, and by failing to authorize a delay in his promotion beyond the initial six month period. Defendant further ignored the procedural requirements of DODI 1320.4 once the investigation was completed. Defendant's failure to comply with the applicable procedural requirements was severely harmful to COL Appleby.

COL Appleby further demonstrates that the ABCMR's determination that COL Appleby was lawfully retired based on his completion of 30 years of service was arbitrary, capricious,

unsupported by substantial evidence, and contrary to law. Because COL Appleby's name was never removed from the Brigadier General promotion list, he remained in a promotable status and his retirement therefore was unlawful under 10 U.S.C. § 14310. COL Appleby also demonstrates that the Department of the Army Inspector General ("DAIG") had no jurisdiction to investigate the whistleblower reprisal complaint that gave rise to his promotion delay because the complaint was untimely pursuant to Army Regulation 20-1. Finally, COL Appleby demonstrates that the ABCMR, contrary to the plain language of Army Regulation 600-8-24 and DODI 1320.4, erroneously determined that COL Appleby would have been required to undergo examination by a Promotion Review Board before his name could be resubmitted to the Senate for promotion confirmation.

The ABCMR's decision in some instances fails to consider, or to consider adequately, COL Appleby's cogent and well-supported claims. In other instances it is impossible to draw a rational connection between the evidence considered by the Board and its final decision. The ABCMR's decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to, or without observance of procedure required by, law. Summary judgment therefore should be entered in favor of COL Appleby.

## 2. THE ARMY VIOLATED COL APPLEBY'S DUE PROCESS RIGHT OF NOTICE AND COMMENT UNDER 10 U.S.C. § 14311

Defendant first argues that Army Regulation 600-8-29 does not apply in this case because COL Appleby was not on the active duty list. Defendant's argument appears to be correct. However, 10 U.S.C. § 14311 does apply and provides, *inter alia*, that an officer's promotion "may not be delayed" unless the officer is notified in writing of the promotion delay and is afforded an opportunity to respond to the delay in writing to the Secretary of the Army. The inapplicability of Army Regulation 600-8-29 therefore is of no consequence.

Defendant's factual assertion that the Senate delayed COL Appleby's promotion appears incorrect. Def.'s Opp. at 5. As determined by the ABCMR, "[on] 6 October 2000, the applicant was notified by the Deputy DAIG (a major general) telephonically that a reprisal complaint had been filed against him only hours before his promotion was to be confirmed and that based on the complaint, his name was withheld by the Army from the list of officers whose promotions were confirmed by the Senate in October 2000." Admin. Rec. at 8. Thus, the list of officers sent to the Senate for confirmation did not contain COL Appleby's name because of actions taken by the Army, not the Senate as alleged by Defendant.

The administrative records relied on by Defendant to support his argument that the Senate or the Secretary of Defense acted to delay COL Appleby's promotion are not authoritative or controlling. The first reference is to the opinion submitted by Major Susan Lefever, Headquarters, Department of the Army, to the National Guard Bureau. Admin. Rec. at 31-32. There Major Lefever states, "[t]he period of withhold was determined by the Secretary of Defense, in his memorandum to the Senate. The Secretary stated that the nomination would be withheld 'until the investigation is complete … and a determination of suitability' was made." The second reference is to the ABCMR's summary of the advisory information submitted by the National Guard Bureau and the General Officer Management Office. Admin. Rec. at 158. There the ABCMR merely recapitulates the information provided by Major Lefever. There are no other documents in the record suggesting that anyone other than the Secretary of the Army delayed COL Appleby's promotion. The Court therefore should accept the ABCMR's determination that the Army delayed COL Appleby's promotion, not the Secretary of Defense or the Senate.

Even if the Senate or Secretary of Defense had initiated the delay of COL Appleby's promotion, the due process protections of 10 U.S.C. § 14311 still would apply. 10 U.S.C. §

14311 does not specify who may request a promotion delay, though it appears to contemplate that delays shall be initiated by the military department concerned. According to 10 U.S.C. § 14311(a)(1), "[u]nder regulations prescribed by the Secretary of the military department concerned, the appointment of an officer to a higher grade may be delayed if any of the following applies before the date on which the appointment would otherwise be made…." Because the statute specifies that delays may occur "under regulations prescribed by the Secretary of the military department concerned," it thus seems to contemplate action by department secretaries rather than the Senate or the Secretary of Defense.

If the Senate or the Secretary of Defense did act to delay COL Appleby's promotion, the Army was still obligated under 10 U.S.C. § 14311(c)(1)-(2) to inform him of the grounds for the delay and permit him to respond in writing to the Secretary of the Army, who was obligated to consider the written submission. Defendant obviously had knowledge of COL Appleby's promotion delay. Def.'s Opp. at 5.  He therefore was obligated to comply with 10 U.S.C. § 14311. Similarly, the Secretary of Defense, as the authority directing the delay, would have been obligated to comply with 10 U.S.C. § 14311 either by communicating directly with COL Appleby or through the Secretary of the Army.

Defendant also argues that 10 U.S.C. § 14311 is inapplicable because it only addresses delays in appointment. Def.'s Opp. at 6.  The language of 10 U.S.C. § 14311 proves Defendant's argument wrong. The provision's title is "Delay of promotion: involuntary."  It then utilizes the term "appointment" interchangeably with "promotion." *See, e.g*. 10 U.S.C. § 14311(c)(2) ("An officer whose promotion is delayed under subsection (a) or (b) shall be given an opportunity to make a written statement to the Secretary of the military department concerned in response to the action taken. The Secretary shall give consideration to any such statement"); and 10 U.S.C. §

14311(d) "Maximum length of delay in promotion. The appointment of an officer to a higher grade may not be delayed under subsection (a) or (b) for more than six months after the date on which the officer would otherwise have been promoted unless the Secretary concerned specifies a further period of delay").

Defendant further argues that the Army and the Secretary of Defense followed the provisions of Department of Defense Instruction 1320.4, March 14, 1995, in delaying COL Appleby's promotion. Def.'s Opp. at 5. As argued above, even if correct, the provisions of 10 U.S.C. § 14311 still required that COL Appleby be notified in writing of the grounds for the delay and provided an opportunity to respond in writing to the Secretary of the Army. There simply is nothing in 10 U.S.C. § 14311 or Department of Defense Instruction 1320.4 that permits the Secretary of the Defense or any other official to ignore the requirements of notice and an opportunity to comment mandated by 10 U.S.C. § 14311.

In assessing the harm to COL Appleby resulting from Defendant's failure to comply with 10 U.S.C. § 14311(c)(2), the Court "must determine whether the error was 'prejudicial' or 'harmless,' looking not at whether 'the officer would in fact have actually been promoted in the absence of the error,' but merely at whether 'promotion was not definitely unlikely or excluded.'" *Frizelle v. Slater*, 111 F.3d 172, 179 (D.C. Cir. 1997) (quoting *Engels v. United States*, 678 F.2d 173, 175 (Ct. Cl. 1982).

In responding to COL Appleby's notice and comment claim under 10 U.S.C. § 14311, the ABCMR stated, "[t]he applicant's contention that his promotion was unjustly and illegally withheld from Senate confirmation has been noted and found to be without merit." Admin. Rec. at 11. The ABCMR further stated, "[w]hile the lack of written notification is not condoned,

there is no evidence submitted by the applicant to support that contention or evidence of any harm that resulted from his telephonic notification vice written notification." *Id*. at 12.

As COL Appleby argued in his application to the ABCMR and opposition memorandum, Defendant's violation of 10 U.S.C. § 14311 was severely harmful. First, without the required notice and comment, Defendant had no authority to delay COL Appleby's promotion. His name therefore should have been retained on the list of officers submitted to the Senate for confirmation for promotion to Brigadier General. COL Appleby therefore was deprived of his promotion. Second, COL Appleby was deprived of his only opportunity to prevent the promotion delay through his response to the Secretary of the Army. The harm to COL Appleby was both obvious and extreme.

The Board's decision in this regard is plainly arbitrary, capricious, unsupported by substantial evidence, and contrary to law. The Board failed even to make a rational connection between the evidence considered and the decision it rendered. There is no reasoning to be found in the Board's statement that "[t]he applicant's contention that his promotion was unjustly and illegally withheld from Senate confirmation has been noted and found to be without merit." Admin. Rec. at 11.  It's statement that "[w]hile the lack of written notification is not condoned, there is no evidence submitted by the applicant to support that contention or evidence of any harm that resulted from his telephonic notification vice written notification" was arbitrary, capricious, unsupported by substantial evidence, and contrary to or without observance of procedure required by law.  *Id*. at 12.  The ABCMR is not authorized to ignore federal statutes and its own regulations, or to impose impossible evidentiary burdens on applicants.

In sum, 10 U.S.C. § 14311 mandates that an officer's promotion shall not be delayed unless he or she is advised in writing of the grounds for the delay and given an opportunity to

respond in writing to the Secretary of the Army. There is nothing Defendant can do to circumvent this statutory requirement. "Where the terms of a statute are unambiguous, judicial inquiry is complete." *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 642 (1990). The Army failed to adhere to these provisions in delaying COL Appleby's promotion causing him injury. Summary judgment therefore must be entered in COL Appleby's favor.

### 3. THE ARMY VIOLATED 10 U.S.C. § 14311 BY DELAYING COL APPLEBY'S PROMOTION BEYOND THE SPECIFIED SIX MONTH PERIOD

Defendant argues that COL Appleby's claim that his promotion was unlawfully delayed past the initial 6 month period authorized is founded on an erroneous reading of 10 U.S.C. § 14311. Def.'s Opp. at 9. In support, Defendant reiterates the erroneous (and irrelevant) argument that the Army did not delay COL Appleby's promotion.

In support of this assertion, Defendant again relies on the e-mail of Major Lefever to the National Guard Bureau. Admin. Rec. at 31. At paragraph two, Major Lefever states, "[o]n October 3, 2000, the Army notified the Secretary of Defense, as required by DODI 1320.4, paragraph 6.2.1.7, and the Secretary of Defense subsequently requested that Congress withhold COL Appleby's nomination until the investigation was complete. Accordingly, COL Appleby's nomination was appropriately withheld."

There is, however, no evidence to support Major Lefever's contention that the Senate delayed COL Appleby's promotion, or Defendant's assertion that COL Appleby's nomination already was with the Senate. In fact, Defendant previously acknowledged that the Army delayed COL Appleby's promotion, not the Senate or the Secretary of Defense. *See* Def.'s Statement of Material Facts Not in Dispute, ¶ 10.

Defendant unsuccessfully attempts to eliminate 10 U.S.C. § 14311 from this case by arguing that the Senate delayed COL Appleby's promotion, not the Secretary of the Army or the

Secretary of Defense. The variations in Defendant's factual assertions and the finding of the ABCMR that the Army delayed COL Appleby's promotion defeat Defendant's effort to dispose of 10 U.S.C. § 14311. Defendant's first assertion is that "… [t]he Army did not delay the plaintiff's promotion. Since the plaintiff's nomination was already with the Senate when the allegations arose, the Secretary of Defense requested the Senate delay consideration of the plaintiff's nomination." Def.'s Opp. at 9. He then contends, "[t]he Department of Defense could not force the Senate not to take action on the nomination, just as they could not compel the Senate to take or not to take any action." *Id.* Defendant further asserts, "[a]s explained above, it was not the Secretary of Defense who delayed the promotion, it was the Senate. The Secretary of Defense simply asked the Senate not to consider Plaintiff…." *Id.* And finally, "[t]he decision to delay the consideration of plaintiff's promotion was made by the U.S. Senate." *Id.* at 10. As determined by the ABCMR, however, the Army withheld COL Appleby's name from the list of officers sent to the Senate for confirmation. Admin. Rec. at 8.

Defendant's argument that the Senate delayed COL Appleby's promotion is also undermined by the provisions of Department of Defense Instruction 1320.4, paragraph 6.2.1.6. That provision provides that where a nomination already is with the Senate and adverse information is discovered, "the cognizant DoD component shall notify the Office of the ASD(FMP) within 5 duty days of receipt of adverse or alleged adverse information. … The notifications shall be in writing and shall include the officer(s)' grade, name, and a synopsis of the allegation(s). For the Military Services, the notification letter shall also include the date the allegations were received by the Military Service concerned." Since there is no evidence in the record that the foregoing provisions were complied with it must be concluded they were not. This is yet another clear instance in which the Secretary of the Army failed to observe

requirements of law and regulation, and which resulted in severe harm and injustice to the plaintiff.

Again, even if the Secretary of Defense withheld COL Appleby's name from the list of officers submitted to the Senate for confirmation, or if the Senate delayed his promotion, the provisions of 10 U.S.C. § 14311(d), which are designed to benefit the affected officer, still applied to Defendant and COL Appleby. Regardless of who directed the delay of COL Appleby's promotion, he was entitled to the protections afforded by the limitations on the delay period enacted by Congress. He clearly did not receive them. 10 U.S.C. § 14311 creates no exceptions to the notice, comment, and delay requirements.

Defendant also argues that the delay beyond the statutorily specified six months maximum was authorized by the Secretary of Defense (rather than the Secretary of the Army – who is the "Secretary concerned" under the statute), at the time COL Appleby's name was withheld from the list of officers to be submitted to the Senate for confirmation. According to Defendant "[t]here is no requirement, as alleged by the Plaintiff, that the approval of a delay past six months be given at any specific time in the delay process. The statute does not establish a required time for such a determination nor prohibit that determination being made at the beginning of the delay."

This assertion is clearly incorrect as it is contrary to the unambiguous language of 10 U.S.C. § 14311. First, the language of the statute clearly contemplates a further delay. A further delay cannot be the original delay. Second, the further delay must be made by the Secretary of the Army, not the Secretary of Defense. Third, the statute requires that the appointment cannot be delayed more than six months after the date on which the officer would have otherwise have been promoted. At the time of the original delay there is no way the Secretary of the Army (or

the Secretary of Defense) could have known the date on which COL Appleby would have otherwise have been promoted as the date had not yet been established. Consequently, the "further delay" could not have approved delay beyond six months at the time of the original delay. While the statute does not establish a required time for the determination of a further delay, it could not have been made at the beginning of the delay. It defies logic that Congress would include a requirement for specific action to initiate "a further period of delay" and simultaneously allow that requirement to be satisfied at the time of the original delay.

The statute requires Secretary of the Army approval for a delay beyond six months to determine that the reason for the original delay remains valid. In other words, the additional delay requirement exists to insure the affected officer's promotion is not unfairly being delayed. Such determination cannot be made at the time of the original delay. Defendant's argument therefore is erroneous.

COL Appleby's promotion was delayed on or around October 3, 2000. The promotion list from which his name was removed was confirmed by the Senate in October, 2000. The initial six-month delay authorized by 10 U.S.C. § 14311(d) thus would have expired sometime during the months of April or May, 2001. After the expiration of the initial 6-month delay, 10 U.S.C. § 14311(d) requires that the delay terminate unless the Secretary of the Army "specifies a further period of delay." In this case the Secretary of the Army did not specify a further period of delay. COL Appleby's promotion delay thus expired in April, 2001. And as COL Appleby argued in his first memorandum of law, neither the President nor the Secretary of Defense removed his name from the Brigadier General promotion list. He therefore was in a promotable status from April, 2001 until the Army involuntarily retired him on July 31, 2001.

This statutory violation also was harmful in the extreme. By law Defendant was required to restore COL Appleby to the list of names to be submitted to the Senate for confirmation once the 6 month delay expired. Had Defendant acted in accordance with the law, COL Appleby would have been promoted, or at least would have enjoyed such opportunity, before he was unlawfully and involuntarily retired on July 31, 2001. COL Appleby's promotion clearly was not definitely unlikely or excluded. Summary judgment therefore must be entered in COL Appleby's favor.

### 4. COL APPLEBY'S RETIREMENT WAS UNLAWFUL BECAUSE HE WAS NEVER IN A NON-PROMOTABLE STATUS

Defendant argues that COL Appleby was lawfully retired on July 31, 2001. His argument centers on his contention that COL Appleby "was not on a list recommended for promotion as the suitability determination had not been made." Def.'s Mem. at 19. Defendant further contends that "[o]n July 31, 2001, Plaintiff reached his maximum years of service for an Active Reserve Colonel and was transferred to the Retired Reserve." *Id*. In his opposition memorandum, Defendant simply reiterates his previous position. Defendant's contentions are incorrect.

10 U.S.C. § 14507(b), provides for the retirement after 30 years of service of officers "not on a list of officers recommended for promotion to the next higher grade…." The question arises, then, whether COL Appleby's name was removed from, or otherwise "not on," the Brigadier General promotion list. The record demonstrates that it was not.

The removal of an officer from a promotion list is governed by 10 U.S.C. § 14310, which states, "(a) Removal by President. The President may remove the name of any officer from a promotion list at any time before the date on which the officer is promoted. (b) Removal for withholding of Senate advice and consent. If the Senate does not give its advice and consent to the appointment to the next higher grade of an officer whose name is on a list of officers

approved by the President for promotion (except in the case of promotions to a reserve grade to which appointments may be made by the President alone), the name of that officer shall be removed from the list. (c) Continued eligibility for promotion. An officer whose name is removed from a list under subsection (a) or (b) continues to be eligible for consideration for promotion. If that officer is recommended for promotion by the next selection board convened for that officer's grade and competitive category and the officer is promoted, the Secretary of the military department concerned may, upon the promotion, grant the officer the same date of rank, the same effective date for the pay and allowances of the grade to which promoted, and the same position on the reserve active-status list, as the officer would have had if the officer's name had not been removed from the list."

The administrative record is devoid of evidence that COL Appleby's name was removed from the promotion list under paragraphs (a) or (b). Defendant, whether directly or through the ABCMR, has not provided contrary evidence. Indeed, the ABCMR clearly considered COL Appleby's name only to have been withheld from the list of officers the Senate eventually confirmed.  Admin. Rec. at 13, 14, 16.  Because he was never removed from the Brigadier General promotion list, his discharge under 10 U.S.C. § 14507(b) was unlawful.

Defendant also reasserts the argument that COL Appleby would have required review by an "adverse panel" or a Promotion Review Board prior to resubmission to Senate for confirmation. As COL Appleby argued previously, Defendant's position and that of the ABCMR are incorrect.  COL Appleby's argument here finds strong support in the provisions of Department of Defense Instruction 1320.4 relied on by Defendant.

Department of Defense Instruction 1320.4, ¶ 6.2.1.8, addresses the actions to be taken after the completion of an investigation of an officer whose promotion has been delayed. That

paragraph states, "[w]hen an investigation or inquiry is completed on an officer(s) whose nomination is on hold at the SASC [Senate Armed Services Committee] under subparagraph 6.2.1.6., above, the Secretary of the Military Department concerned shall so inform the Secretary of Defense, through the ASD(FMP), in writing. The Secretary of the Military Department's notification shall state if the allegations were substantiated, what action was taken, if any, and whether or not the Secretary of the Military Department still supports the nomination. In those cases where the allegation is substantiated and the Secretary of the Military Department and the Secretary of Defense support the nomination, that nomination shall be processed for approval to the President."

There is nothing in this provision that requires review by an "adverse panel" or a Promotion Review Board. This is consistent with the provisions of Army Regulation 600-8-24, paragraph 8-2(b), which merely states that an officer "may be referred" to a Promotion Review Board under the circumstances of COL Appleby's case. There also is no evidence in the record that the Secretary of the Army informed the Secretary of Defense of the completion of the investigation in writing, or whether he still supported COL Appleby's promotion nomination, even though he had nearly one month to do so. The Letter of Concern issued on October 19, 2001 by General John Keane, Vice Chief of Staff Army, to Col Appleby clearly demonstrated that in all likelihood the Army would have still supported COL Appleby's promotion nomination. According to General Keane, "I am not officially reprimanding you…because I believe your failure(s)…resulted from your belief that your actions were in the best interest of the unit, the soldiers assigned to the unit, and the Army.  Moreover, I note that you received incorrect legal advice regarding the relief for cause and the unfavorable actions…This

memorandum will not be filed in your personnel record. I consider this matter closed." Defendant's argument therefore is misplaced.

Defendant's error caused COL Appleby substantial harm. First, he was prematurely and unlawfully discharged. Second, had the error not occurred, COL Appleby would have enjoyed an opportunity for reconsideration by the Secretary of Army, the Secretary of Defense, and the President. COL Appleby's promotion clearly was not definitely unlikely or excluded. Third, COL Appleby lost his only opportunity in life to serve our nation as a general officer. Fourth, COL Appleby suffered significant humiliation, embarrassment, and injury to his professional reputation.

The ABCMR's response to COL Appleby's claim was "[t]he applicant's contention that his promotion was unjustly and illegally withheld from Senate confirmation has been noted and found to be without merit." Admin. Rec. at 13. The ABCMR also noted, "[t]he applicant's contention that he should be promoted by operation of law has been noted and also found to be without merit. The applicant was not considered for confirmation by the Senate and to promote him without Senate confirmation would afford him a benefit not afforded to others in similar situations and would circumvent long-standing policies governing the promotion of commissioned officers." Admin. Rec. at 13.

These statements do not draw a rational connection between the evidence and the Board's ultimate determination. The first statement offers no insight into the ABCMR's reasoning. The second only addresses the relief requested by COL Appleby, not the evidence submitted in support of his underlying claim. The ABCMR's decision therefore does not satisfy the minimum standards under APA review. Its decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. Summary judgment in COL Appleby's favor thus is required.

### 5. THE DAIG LACKED JURISDICTION TO INVESTIGATE
### THE ORIGINAL WHISTLEBLOWER COMPLAINT

In responding to COL Appleby's argument that the DAIG lacked jurisdiction to investigate the original "whistleblower" complaint because there was no such complaint, Defendant argues that "[t]he inclusion of a separate paragraph [in AR 20-1] dealing with Whistleblower complaints demonstrates that they are a unique type of allegation subject to unique consideration and treatment. The paragraphs cited by the plaintiff do not establish, as he asserts, that Whistleblower complaints will be ignored unless and until the complainant has gone through a number of other processes." Def.'s Opp. at 12-13. This synopsis misrepresents COL Appleby's argument and is incorrect.

As detailed by COL Appleby in his opposition brief, the Military Whistleblower Protection Act, 10 U.S.C. § 1034, ¶¶ (b)(1)(b)(1)(A) through (B), prohibit reprisals against soldiers who make protected communications as defined by the statute. 10 U.S.C. § 1034, ¶(c)(3)(E)(4) further provides that "[n]either an initial determination under paragraph (3)(A) nor an investigation under paragraph (3)(D) is required in the case of an allegation made more than 60 days after the date on which the member becomes aware of the personnel action that is the subject of the allegation." This paragraph grants the Army discretion in determining whether it shall accept complaints filed more than 60 days after the alleged reprisal occurs.

It is inarguable that the Army chose to exclude complaints filed after 60 days from the Whistleblower protections of 10 U.S.C. § 1034. As stated in Army Regulation 20-1, Chapter 6-6(i), "the IG, DOD is required to investigate allegations of individuals taking (or threatening to take) unfavorable personnel actions or withholding (or threatening to withhold) favorable personnel actions as reprisal against a member of the Armed Forces for communicating with an MC [Member of Congress] or a member of an audit, inspection, investigation or law

enforcement organization within DOD." Paragraph 6-6(i)(1) further provides that when such complaints are made "within 60 days of learning of the reprisal, military whistleblower legislation applies." (Emphasis added.)  The Whistleblower provisions of 10 U.S.C. § 1034 therefore do not apply to complaints filed with the Army after 60 days of the complainant learning of the reprisal.

CPT Ward waited some eight months after the alleged reprisal to file his complaint with the DAIG. The timing of his complaint, made to coincide with COL Appleby's promotion to Brigadier General, strongly suggests that the complainant harbored ill-will toward COL Appleby and that he filed the complaint to torpedo his promotion. Because of the DAIG's failure to determine that 10 U.S.C. § 1034 was inapplicable, CPT Ward succeeded in destroying COL Appleby's career as a general officer. If CPT Ward truly had been concerned about reprisal, he no doubt would have made the complaint immediately after his relief from command and would not have voluntarily resigned his commission. He chose not to remain in uniform and avail himself of established procedures for challenging the adverse action taken against him. By his own conduct CPT Ward forfeited his right to file a 10 U.S.C. § 1034 complaint.

If the DAIG had properly analyzed CPT Ward's complaint under Army Regulation 20-1, paragraph 6-6(i)(1), it would have concluded, within an extremely short time frame, hours perhaps, that 10 U.S.C. § 1034 and its "unique consideration and treatment" was inapplicable. It then would have turned to the provisions of Army Regulation 20-1, paragraph 6-7, which require an aggrieved soldier to exhaust his or her administrative remedies before the DAIG will engage. CPT Ward had several such remedies at his disposal, including; (1) informal and formal complaints for the redress of wrongs under Article 138 of the Uniform Code of Military Justice; (2) the appeal of his Officer Evaluation Report to the Army Officer Special Review Board; and

(3) application for the correction of records with the Army Board for the Correction of Military Records.

COL Appleby suffered severe harm because of the DAIG's failure to adhere to its own regulation. Had the DAIG acted properly, COL Appleby would not have been investigated at all. His name in all likelihood would have been restored to the promotion list submitted to the Senate for confirmation and he ultimately would have been promoted. The DAIG's error therefore cannot be dismissed as harmless. COL Appleby's promotion clearly was not definitely unlikely or excluded.

Defendant also argues that COL Appleby's position is that the "DAIG should have ignored a serious allegation regarding a senior officer when time was of the essence…." Def.'s Opp. at 13.  This statement is wrong. As a highly distinguished former senior officer COL Appleby was keen to ensure that his subordinates conducted themselves in accordance with Army regulations and core Army values. For this reason he so meticulously investigated the allegations against his subordinates and exercised due caution in addressing their deficiencies. As noted in COL Appleby's previous submissions, the two officers in addition to CPT Ward who the DAIG found COL Appleby reprised against underlined complained to no one and continued to serve under COL Appleby's leadership. COL Appleby's argument is simply that the DAIG failed to adhere to its own regulation and so caused him great harm. The Army must comply with its own regulations. *Dilley v. Alexander*, 603 F.2d 914, 920 (D.C. Cir. 1979).

## 6.  THE DAIG ERRONEOUSLY CONCLUDED THAT THE LETTERS OF CONCERN ISSUED BY COL APPLEBY WERE "LETTERS OF REPRIMAND" AND CONSTITUTED THREATS AGAINST THE AFFECTED OFFICERS

Defendant argues that the ABCMR's consideration of COL Appleby's claim that he did not issue letters of reprimand in reprisal against two officers was not arbitrary, capricious, or

18

contrary to law. Def.'s Opp. at 13-14. Defendant's position is untenable in light of the actual response of the ABCMR to COL Appleby's claim of error and injustice.

The ABCMR did not adequately address COL Appleby's claim in its Discussion and Conclusions, where the Board's reasoning is found. The ABCMR merely stated, "[a]lthough the applicant does not agree with the findings of the IG, there were substantiated findings that would have required another look by a PRB process to determine if his name should be resubmitted for confirmation by the Senate." Admin. Rec. at 15. The record does not permit the Court to conclude that the ABCMR adequately considered COL Appleby's claim.

As COL Appleby demonstrated in his opposition memorandum and above, Promotion Review Board consideration was not mandatory under Army Regulation 600-8-24 or Department of Defense Instruction 1320.4. The ABCMR therefore advanced, *sua sponte*, a clearly erroneous assertion of fact on which it rejected, in large measure, COL Appleby's claim. The ABCMR's crucial determination that COL Appleby would have required Promotion Review Board consideration was clearly unsupported by the evidence and contrary to law.

In light of the foregoing, the Court should find that the ABCMR's decision was arbitrary, capricious, and unsupported by substantial evidence. Because the Board misapplied Army Regulation 600-8-24 (which COL Appleby concedes was inapplicable to his case) and acted outside the scope of its authority under 10 U.S.C. § 1552, its decision was also contrary to law. Summary judgment therefore must be entered in favor of COL Appleby.

## CONCLUSION

Based on the foregoing, COL Appleby respectfully submits that the Court should deny Defendant's motion to dismiss in part and for summary judgment, and grant COL Appleby's cross-motion for summary judgment.

Respectfully submitted,

/s/

Raymond J. Toney (NY0066)
The Law Office of Raymond J. Toney
34-16 30th Avenue, Third Floor
Astoria, NY 11103
Tel: 718-726-3656 Fax: 718-459-0476
E-mail: rjtoney@rjtlaw.net

*Attorney for Plaintiff*